UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 5:22-cv-00047 |
| Plaintiff, : | ORDER |
| : | [Resolving Doc. 33, 38] |
| v. : |  |
| EMANUEL SANDERS, : |  |
| Defendant. : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On January 3, 2023, the Court sentenced Defendant Emanuel Sanders to 56 months for felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1] At Sanders' sentencing, the Court found that Sanders had a total offense level of 19 and a Criminal History Category IV, giving him a sentencing guideline range of 46 to 57 months.[2] Defendant Sanders had seven total history points, two of which were status points because he was under a criminal justice sentence at the time of the instant offense.[3]

Defendant Sanders now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821.[4] Sanders asks the Court to reduce his sentence from 56 months to 44 months.[5] The government does not oppose Sanders' motion.[6]

For the following reasons, the Court **GRANTS** Defendant Sanders' sentence reduction motion and sentences Defendant Sanders to **44 months.**

---

[1] Doc. 26, PageID #: 141-42.
[2] Doc. 27, PageID #: 148.
[3] Doc. 20, PageID #: 97.
[4] Doc. 38.
[5] *Id.*
[6] *Id.*, PageID #: 196.

Case No. 5:22-cv-00047
GWIN, J.

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."[9]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[10] In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[11] Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II. DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821, Part A changes the assignment of "status points" for criminal history calculations. For defendants with seven or more criminal history points, Amendment 821 reduces those

---

[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[8] 18 U.S.C. § 3582(c)(2).
[9] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[10] *Id.*
[11] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).

Case No. 5:22-cv-00047
GWIN, J.

defendants' status points to one point.[12]  For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[13]

Amendment 821, Part A removes Defendant Sanders' two status points and lowers his Criminal History Category from IV to III.  Sanders' amended sentencing guideline range is now 37 to 46 months.  Thus, Defendant Sanders was earlier sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission.

The 18 U.S.C. § 3553(a) factors weigh in favor of reducing Defendant Sanders' sentence to 44 months.  Factors like those applied at Sanders' initial sentencing also apply at this time.

Regarding the instant offense, law enforcement officers were called to areas with reports of large amounts of gunshots fired.[14]  When the officers arrived, they observed Defendant Sanders drinking liquor and holding a marijuana blunt as he transferred a gun to his shorts pocket.[15]  Sanders has six other felonies and several misdemeanors, some of which involve violence.[16]  Despite being on bond, he sought out firearms.

Regarding his history and characteristics, Sanders reported having a good childhood, although both parents struggled with substance abuse issues.[17]  Sanders has five children, although he does not support them.[18]  He has dealt with a variety of mental health issues, including post-traumatic stress disorder and suicidal ideation.[19]

---

[12] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[13] *Id.*
[14] Doc. 27, PageID #: 150.
[15] *Id.*
[16] *Id.*
[17] Doc. 20, PageID #: 101.
[18] Doc. 27, PageID #: 150.
[19] Doc. 20, PageID #: 102-103.

Case No. 5:22-cv-00047
GWIN, J.

The Court notes that it previously sentenced Defendant Sanders at the higher end of the sentencing guideline range. As neither Sanders nor the government argue for a rebalancing of the § 3553(a) factors, the Court finds it appropriate to reduce Sanders' sentence to 44 months, towards the higher end of the amended guideline range.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Sanders' motion and **REDUCES** Defendant Sanders' sentence to **44 MONTHS.** Except as otherwise provided in this order, all other terms of Sanders' original sentence remain in effect.

IT IS SO ORDERED.

Dated: March 26, 2024           *s/      James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE